IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL DEWAYNE MORTON, :
:
    Plaintiff, :
:
v. : CIVIL ACTION 11-0164-KD-M
:
TORI NEELY, *et al.*, :
:
    Defendants. :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration, it is recommended that Plaintiff's action be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because the claims either fail to state a claim upon relief which can be granted or are frivolous.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff filed a Complaint on April 4, 2011 (Doc. 1), alleging claims against Defendant Judge Jack W. Meigs ("Judge Meigs") for falsely imprisoning Plaintiff because he revoked Plaintiff's probation when Plaintiff had not been convicted of a crime (Doc. 1, pp. 5-6); Defendant Probation Officer Shanika Perry ("Perry") for falsely imprisoning Plaintiff because his

probation was revoked on June 23, 2009 (Doc. 1, p. 5); and Defendant Detective Tori Neely ("Neely") for falsely imprisoning Plaintiff because Neely entered Plaintiff's house and arrested him without a warrant which caused Plaintiff to be sent to prison even though he had not been convicted of a crime (Doc. 1, pp. 4-5).

Plaintiff alleges that on June 15, 2009 he was on the news for a crime he states that he did not commit (Doc. 1, p. 4). Subsequently, on June 16, 2009, Plaintiff turned himself in to the authorities (Doc. 1, p. 4). At that time, Plaintiff was on probation serving a three-year term for second-degree assault (Doc. 1, p. 4). Plaintiff was charged with two felonies and given a $300,000.00 bond (Doc. 1, p. 4, 6). His probation was revoked on June 23, 2009 by Defendant Judge Meigs who is a judge in the Circuit Court of Dallas County, Alabama (Doc. 1, pp. 4-5).[1] Plaintiff was sent to prison before he was convicted on the new assault charges (*see* Doc. 1). When Plaintiff filed this Complaint on April 4, 2011, he had not been convicted on the new assault charges (*see* Doc. 1).

Plaintiff claims that he was arrested without a warrant and his home was searched without a search warrant, and that Defendant Detective Neely told Plaintiff there was "no physical

---

[1] *See* Ala. Legal Directory, p. 172 (2010).

evidence to support a conviction" (Doc. 1, p. 5). Furthermore, Plaintiff's Supplemental Security Income ("SSI") payments were terminated when he was incarcerated (Doc. 1, p. 7). For relief, Plaintiff wants to receive the SSI payments he missed "for the last 22 months" while he was incarcerated (Doc. 1, p. 7).[2]

The state records in Alacourt reflect that Plaintiff's three-year probation arose from a 2008 conviction in Dallas County. *See State of Alabama v. Morton*, Case Action Summary, cc-07-260.[3] Plaintiff's 2008 conviction where Plaintiff plead guilty to second degree assault was handled by Judge Meigs in

---

[2] Congress has expressly excluded from eligibility for SSI benefits "anyone who is an 'inmate in a public institution[]'" which includes inmates in jail or prison. *Schweiker v. Wilson*, 450 U.S. 221, 224, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981)(quoting 42 U.S.C. § 1382(e)(1)(A)). This Court does not have the power to award Plaintiff's requested relief and Plaintiff would be unable to recover the SSI payments for the time he was in prison.

[3] Rule 201(b) of the Federal Rules of Evidence provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). However, in order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite. *U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (concluding that a court "may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation"); *Hughes v. Lamrerti*, 2009 WL 4894493, *1 n.5 (S.D. Fla. Dec 17, 2009) (taking judicial notice of information in different court's record since such source's accuracy cannot reasonably be questioned).

Dallas County Circuit Court. *See id*. Plaintiff's probation was revoked by Judge Meigs on June 23, 2009 (Doc. 1). This revocation has not been invalidated. *See* Doc. 1; *State of Alabama v. Morton,* Case Action Summary, cc-09-253. Even though Plaintiff was not convicted of assault charges when he filed the Complaint, the state court records in Alacourt show that he was charged with two counts of first-degree assault as of October 9, 2009, he plead guilty to second-degree assault on August 3, 2011 and then received a sentence of two years of imprisonment and five years of supervised release. *See State of Alabama v. Morton,* Plea Agreement*,* cc-09-253, August 1, 2011; *State of Alabama v. Morton,* Explanation of Rights and Plea Guilty, cc-09-253, August 3, 2011; *State of Alabama v. Morton,* Sentencing Order, cc-09-253, August 3, 2011; *See State of Alabama v. Morton,* Case Action Summary, cc-09-253. Plaintiff's 2011 second-degree assault conviction has not been invalidated. *See Alabama v. Morton*, Case Action Summary, cc-09-253.

## II.   STANDARDS OF REVIEW UNDER 28 U.S.C. § 1915(E)(2)(B)

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915 (e)(2)(B), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as

a matter of law where, *inter alia*, the defendants are immune from suit, *id*. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id*. Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. at 555, 127 S.Ct. at 1965. That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id*. at 558, 127 S.Ct. at 1966 (second brackets in original). "[L]abels and conclusions and a formulaic recitation of a cause of action's elements" are insufficient grounds for entitlement to relief. *Id*. at 555, 127

5

S.Ct. at 1965. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 566 U.S.__, 129 S.Ct. 1936, 1949, 173 L.Ed.2d 868 (2009). Although the Court must accept as true the factual allegations contained in the Complaint, this does not apply to legal conclusions or "a legal conclusion couched as a factual allegations." *Id.* at 1949-50. However, when a successful affirmative defense appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

In a *pro se* litigant's action, his allegations are given a liberal construction by the Court. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972) (holding that a *pro se* litigant's allegations are held to a more lenient standard than the those of an attorney). However, the Court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. __, 129 S.Ct. 1937 (2009). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III. DISCUSSION

A. <u>Defendant Judge Meigs</u>
   1. <u>Judicial Immunity</u>

Plaintiff complains that he was falsely imprisoned when Judge Meigs revoked his probation even though he had not been convicted of a crime (Doc. 1, pp. 5-6). In a § 1983 action, judges are entitled to absolute judicial immunity from damages for conduct undertaken while acting in his or her judicial capacity unless he or she acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357, 362, 98 S.Ct. 1099, 1107, 55 L.Ed.2d. 331 (1978) (internal quotation marks omitted); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996); *Scott v. Hayes*, 719 F.2d 1562, 1563 (11th Cir. 1983). A judge is entitled to this immunity even though the act undertaken "was in error, was done maliciously, or was in excess of [his] authority." *Stump*, 435 U.S. at 356, 98 S.Ct. at 1105. Absolute judicial immunity ensures "that a judicial officer, in exercising that authority vested in him, [is] free to act upon his own convictions, without apprehension of personal consequences to himself," *id*. at 355, 98 S.Ct. 1104 (internal quotation marks omitted), which is a "principle of the highest importance to the proper administration of justice[.]" *Id.* (internal quotation marks omitted).

In the present action, Plaintiff provides very few facts about his dealings with Defendant Judge Meigs in regard to the revocation proceedings. Nonetheless, the allegations do show that Plaintiff's probation was revoked (Doc. 1). Entering an order of revocation is an act that is typically performed by an Alabama Circuit Court judge. *See Phillips v. State*, 936 So.2d 1101, 1102-03 (Ala. Crim. App. 2006)(finding specifically that the circuit judge had jurisdiction over appellant's revocation hearing and to revoke probation, even though the revocation hearing judge was not the judge who sentenced the appellant, since both instances were before the same court). Thus, Defendant Judge Meigs was acting in his judicial capacity in his dealings with Plaintiff. A circuit court judge has exclusive jurisdiction over felony convictions. Ala. Code § 12-11-30(2) (1975). A conviction for second-degree assault is a felony conviction. Ala. Code § 13A-6-21(b) (1975). Thus, the revocation of a probation sentence for the 2008 second-degree assault conviction was within Defendant Judge Meigs' jurisdiction. *See Phillips*, 936 So.2d at 1102-03.[4] Accordingly,

---

[4] Ala. R.Crim. P. Rule 27.5(a) provides, in pertinent part: "When a probationer is arrested pursuant to Rule 27.4(b) or Rule 27.4(c), the probation officer shall be notified immediately (unless the officer made the arrest), and the probationer shall be taken without unnecessary delay before the judge who issued the warrant or summons, if available, or, in the case of an arrest without a warrant, before the original sentencing judge, (Continued)

Defendant Judge Meigs acted within his jurisdiction as an Alabama Circuit Court judge when he revoked Plaintiff's probation. Thus, with both prongs of the *Stump* test satisfied, Defendant Judge Meigs is entitled to absolute judicial immunity from damages and is due to have Plaintiff's damages claims against him dismissed as frivolous.

### 2. Application of *Heck v. Humphrey* Decision

An alternative basis for the dismissal of the claims against Defendant Judge Meigs is the decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).[5] In *Heck*, a damages claim in a § 1983 action that would have had the effect of invalidating an outstanding conviction if the Court was to rule favorably on it was not allowed to proceed until the

---

if available; otherwise, the probationer shall be taken before another judge of the same district or circuit...."(emphasis added). Additionally, Ala. R.Crim. P. Rule 27.6(a) governs an actual revocation hearing in state court, and provides, in pertinent part as follows: "A hearing to determine whether probation should be revoked shall be held before the sentencing court within a reasonable time after the probationer's initial appearance...."(emphasis added.). Since Defendant Judge Meigs was the presiding judge in Plaintiff's 2008 conviction case and Plaintiff was brought before the same sentencing court, clearly Defendant Judge Meigs has jurisdiction in this instance.

[5] The immunity ground was first discussed due to the admonition from *Abella v. Rubino*, 63 F.3d 1063, 1065 n.3 (11th Cir. 1995), that threshold issues such as immunity should be addressed before ripeness under *Heck* in the event that the plaintiff is able to proceed after the *Heck* bar is removed.

underlying conviction had been invalidated, because until then the Court reasoned that no cause of action existed. *Id*. at 486-87, 114 S.Ct. at 2372-73. The *Heck* Court analogized the claim before it to a common-law cause of action for malicious prosecution, which requires that the accused prove the termination of the prior criminal proceeding in his favor. *Id*. at 484, 114 S.Ct. at 2371. Thus, the Court ruled, as follows:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87, 114 S.Ct. at 2372-73. Moreover, *Heck*'s "principles apply to revocations of probation and revocations and denial of parole." *Williams v. Massey*, No. 05-0087-CG-M, 2007 WL 496763, at *1 (S.D. Ala. Feb. 13, 2007); *see also Holt v. Gibbs*, 2009 WL 111643, *2 (M.D. Ga. Jan. 14, 2009) (citing *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851, 116 S.Ct. 148, 133 L.Ed.2d 93 (1995)); *Walker v. Bryant*, 2005 WL 1126776 (M.D. Ala. May 11, 2005).

Plaintiff claims that Defendant Judge Meigs should not have revoked his probation because he had not been convicted of the new charges. If the Court was to rule favorably for Plaintiff

10

on this claim, it would have the effect of invalidating Plaintiff's probation revocation. However, Plaintiff does not indicate in his Complaint that his revocation has been invalidated in a manner prescribed by *Heck* (*see* Doc. 1). Furthermore, the Court could find no record in Alacourt or Westlaw that shows Plaintiff's revocation has been invalidated. Most telling is the fact that Plaintiff ultimately plead guilty on August 3, 2011 to a charge of second-degree assault based on the two charges of first degree of assault, and that conviction has not been invalidated. Thus, the claims against Defendant Judge Meigs are due to be dismissed with prejudice as frivolous on this alternate basis.

    B.    <u>Defendant Probation Officer Perry</u>

Plaintiff's factual allegations against Defendant Perry, his probation officer, are extremely brief. Plaintiff maintains that he paid his fines and reported as directed, but he does not identify any actions that Defendant Perry took that violated his constitutional rights (*see* Doc. 1). Rather, Plaintiff merely states in his Complaint that his claim against Defendant Perry is for false imprisonment because his probation was revoked (Doc. 1, p. 5). The Court can speculate what actions Defendant Perry may have taken, but the Court is not permitted to surmise facts as it cannot rewrite Plaintiff's complaint. See *GJR Investments*, 132 F.3d at 1369. Rather, Plaintiff is required to

allege with facts a plausible claim. *Twombly*, 550 U.S. at 555-56, 127 S.Ct. at 1965, 167. Furthermore, in order to state a § 1983 claim, there must be an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986). In the absence of information about unconstitutional actions taken by Defendant Perry, Plaintiff has failed to state a plausible claim upon which relief may be granted against this Defendant. Accordingly, Plaintiff's claims against Defendant Perry are due to be dismissed with prejudice for failure to state a claim upon which relief can be granted.[6]

   C. Defendant Detective Neely

Plaintiff complains Defendant Neely searched his home without a warrant, arrested him without a warrant, and told him there was not enough physical evidence to support a conviction (Doc. 1, pp. 4-5). Plaintiff also directs an allegation to Defendant Neely that his probation was revoked for a charge which he had not been convicted (Doc. 1, p. 5). Plaintiff's brief and conclusive allegations are confusing in that they do not clearly connect the alleged failure to either the revocation or new charges, or both. Plaintiff has used the terms "falsely

---

[6] With no factual information being provided about a claim directed to Defendant Perry, the applicability of the *Heck* bar in regard to Perry is not being addressed at this time.

arrested" and "falsely imprisoned" which are legal conclusions (*see* Doc. 1). Legal conclusions are made by courts based on facts presented to them. In regards to facts supporting Plaintiff's allegations of a false arrest, he only offers there was no search warrant or arrest warrant (*see* Doc. 1). No facts are alleged addressing the unlawful behavior with which he was charged or that Defendant Neely lacked probable cause. *See Wright v. Dodd*, 2011 WL 3611972, *1 (11th Cir. Aug. 18, 2011)(affirming the district court's *sua sponte* dismissal for failure to state a false arrest claim since the complaint did not demonstrate the police lacked probable cause to do so)[7]; *accord. Williams v. Dodd*, 895 So.2d 1012, 1015 (Ala. Crim. App. 2005)(requiring a showing of probable cause to revoke probation). The Court need not accept as true legal conclusions "couched as a factual allegation[.]" *See Iqbal*, 1937 at __, 129 S.Ct. at 1949-50. In as much as Plaintiff's allegations against Defendant Neely are mostly legal conclusions and his allegations in their entirety do not present a plausible claims, the Court concludes that Plaintiff has failed to state a claim against

---

[7] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (2005).

Defendant Neely. Thus, Plaintiff's claims against Defendant Detective Neely are due to be dismissed without prejudice.[8]

## IV. CONCLUSION

The claims against Defendant Judge Meigs are due to be dismissed with prejudice since he is entitled to immunity and the claims are *Heck* barred. The claims against Defendant Perry are due to be dismissed with prejudice since Plaintiff fails to state a claim against Defendant Perry. The claims against Defendant Neely are due to be dismissed without prejudice since Plaintiff fails to state a claim against Defendant Neely.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the 31ST day of October, 2011.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE

---

[8] Because Plaintiff has not presented plausible claims for false arrest and false imprisonment, specific determination cannot be made in regard to the applicability of the *Heck* bar to Plaintiff's claims. However, if it is Plaintiff's unarticulated position that his probation would not have been revoked or he would have not been convicted but for an unconstitutional search of his home or an unconstitutional arrest, these claims would be barred by *Heck* because neither his probation revocation or 2009 conviction for second degree assault have been invalidated in a manner prescribed by *Heck*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days15 after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. Transcript (applicable Where Proceedings Tape Recorded). Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.